PETER GOULDING *vs.* WILLIAM O. SWETT.

By a mortgage of " the following personal property, to wit: one bay mare; one cow; one chaise and harness; one sleigh, robes and harness; one saddle and bridle; all the farming tools and other personal property in and about the barn and premises at Herbert Hall; all the furniture, and all other articles of personal property in and about Herbert Hall, so called," a family carriage belonging to the mortgagor passes, if on the premises known as Herbert Hall at the time the mortgage is given; and evidence that the mortgagor, immediately afterwards, went upon the premises with the mortgagee, and pointed out this carriage to him as included in the mortgage, is competent evidence to identify it.

REPLEVIN of a family carriage. At the trial in the court of common pleas, before *Mellen,* C. J., the plaintiff claimed title to the carriage under a mortgage thereof from Nathaniel T. Bent, dated May 1st 1856, and recorded on the 5th of November 1856.

The defendant claimed title under a mortgage from Bent, dated August 1st 1856, and recorded on the 9th of September 1856, of " the following personal property, to wit: one bay mare; one chaise and harness; one cow; one sleigh, robes and harness; one saddle and bridle; all the farming tools and personal property in and about the barn and premises at Herbert Hall. All the furniture, including piano, silver ware, table furniture, carpets, pictures, engravings, library, bedsteads and bedding mattresses and all other articles of personal property in and about Herbert Hall, so called."

The plaintiff contended that the carriage, not being specified in the defendant's mortgage, did not pass by the words of general description therein. But the court ruled that the general description was sufficient to pass the carriage, if it was in the barn on the premises of Bent, known as Herbert Hall, at the time the mortgage was given.

To prove that the carriage was upon the premises of Bent at the time the defendant's mortgage was executed, and thus was embraced therein, the defendant was called as a witness, and testified that he and Bent went to the office of an attorney, and together gave directions as to the making of the defendant's

VOL. XIII.                     44

mortgage ; that within two or three days, and, he thought, the next day, Bent called at his shop in Worcester, and executed and delivered said mortgage ; and that some time during the same day, and immediately after the execution and delivery of said mortgage, he went with Bent to the premises mentioned in the mortgage. He was then asked by his counsel if Bent then pointed out to him any property; and replied that he did. He was then asked what property he pointed out; and replied, " two horses; a sleigh ; the carriage in suit, which was in the barn or carriage house; and a horse and chaise at the door, which he drove me up in." He was then asked, " As what property did he point this out ? " and replied, " As the property embraced in the mortgage to me." The plaintiff objected to these questions and answers ; but the court admitted them.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. Williams*, for the plaintiff.

*D. Foster*, for the defendant.

Bigelow, J. The description in the mortgage to the defendant was sufficient to include the carriage in controversy, it having been proved and identified as having been in the barn at Herbert Hall at the time the conveyance was executed. On this point, we cannot distinguish the present case from *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306, and *Harding* v. *Coburn*, 12 Met. 333. The generality of a description, or the enumeration of specific articles in addition to those comprehended by a general description, does not prevent the transfer of articles not specified by a mortgage, which were intended to be conveyed by it and which are included in the general description, if they can be identified.

The evidence, to the competency of which exception was taken, was clearly admissible for the purpose of identifying the property, and as part of the *res gestæ. Exceptions overruled*